# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**KEON BLAKE,**

      **Plaintiff,**

                                Civil Action No: 1:12-cv-01349 JEB

**v.**

**SECURITAS SECURITY SERVICES, INC.,**

      **Defendant.**

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE EXPERT TESTIMONY OF WILLIAM S. GARMOE

COMES NOW the Defendant, Securitas Security Services USA, Inc. ("Securitas") and pursuant to Fed. R. Civ. P. 37(c) and LCvR 7 (d), files its reply to the Plaintiff's opposition to its Motion to Strike Plaintiff's rebuttal expert William S. Garmoe.

Plaintiff argues that Dr. Garmoe's opinions rebut two opinions identified by the defense security experts: 1) that Plaintiff Keon Blake purposefully or intentionally injured himself; and 2) that marijuana *alone* caused the incident. (Pl's Opp. Br. at 2 (emphasis added)). However, neither of Securitas's experts offers an opinion as to the motives or intentions of Keon Blake on the night of his incident. Moreover, while it is certainly Securitas's position that the incident would not have occurred had Keon Blake not smoked what he believed to be marijuana that evening, neither of Securitas's experts opines that marijuana intoxication was the *sole* cause of his fall over the third floor atrium balcony. Therefore, Dr. Garmoe's opinions are not proper rebuttal.

A.  **<u>Dr. Garmoe's opinion that Keon Blake did not purposefully or intentionally injure himself does not rebut the *fact* that Keon Blake's injuries were self-inflicted.</u>**

In his report, Securitas expert Howard Levinson describes Plaintiff Keon Blake's injuries as "self-inflicted." Plaintiff argues that Mr. Levinson's use of the term "self-inflicted" could be interpreted as an opinion that Keon Blake purposefully or intentionally caused his own injury. (Pl's Opp. Br. 3). However, Mr. Levinson's characterization of Keon Blake's injuries as "self-inflicted" is not an opinion; rather, it is a fact. "Self-inflicted" is an adjective, defined as "inflicted or imposed on oneself" or "having been inflicted on oneself by oneself." *See www.thefreedictionary.com/self-inflicted*. A self-inflicted injury can occur regardless of whether or not one intends it. For example, if one were to cut oneself with the paper on which this brief is written, the resulting wound could only be characterized as "self-inflicted." There were no other persons involved in the injury, and the paper can hardly be said to have taken on a life of its own and inflicted the wound. Yet, acknowledging that a paper cut is "self-inflicted" does not require an ultimate (preposterous) conclusion that the paper cut was intentional, as Plaintiff's argument suggests.

It is uncontested that Keon Blake ducked under the protective cables of the third floor balcony. He can then be seen in surveillance footage going over the balcony railing and falling to the atrium floor below. There was no one else in the surveillance footage – no one pushed Blake or caused him to go over the railing and the railing did not break. Regardless of whether Blake's actions were intentional or accidental, the fact remains that the resulting injuries were self-inflicted.

Notably, Dr. Garmoe does <u>not</u> opine that Blake's injuries were not self-inflicted, nor could he. Rather, Dr. Garmoe's opinion is that Blake "did not intentionally or planfully jump from the balcony as a means of committing suicide or otherwise injuring himself." (Pl's Opp. Br. at 1.) Neither of Securitas's experts offer an opinion regarding Mr. Blake's intentions or motives that

evening. For this reason, Dr. Garmoe's opinions are not proper rebuttal testimony under Fed. R. Civ. P. 26(a)(2)(D).

**B.      Plaintiff mischaracterizes the opinions contained within Dr. Garmoe's report.**

Dr. Garmoe's one page report states that in his opinion, "Keon Blake's fall was most likely the result of a state of acute disorientation and panic due to the influence of marijuana, anxiety and fear regarding the immediate situation, and sensory limitations caused by not having his glasses." (Pl's Opp. Br, Ex. 1.) Dr. Garmoe's report says nothing about whether Mr. Blake's reaction to the marijuana "was unusual and not a response that would be reasonably anticipated" as the Plaintiff suggests. (Pl's Opp. Br. at 3.)   Rather, Dr. Garmoe opines that the marijuana Blake smoked contributed to his "state of acute disorientation and panic," a point that is uncontested by either of Securitas's experts or by Mr. Blake himself. (Pl's Opp. Br. at 1.) However, neither of Securitas's experts asserts that "a person is *per se* negligent if he takes marijuana." (*Id.*)

In short, Securitas does not take the position that "*marijuana alone*" caused Plaintiff Keon Blake's injuries. (*Id.*) Rather, Securitas argues that this incident would likely not have happened had Mr. Blake not smoked what he believed to be marijuana. That is, absent the "acute disorientation" and/or lack of judgment brought on by smoking marijuana, Mr. Blake would likely not have crawled under the protective cables and over the balcony railing to a position of obvious and serious peril. Dr. Garmoe's opinions do not rebut or contradict this argument; indeed, they support it. Therefore, he is not a proper rebuttal expert.

**C.      Plaintiff improperly attempts to disclose Dr. Garmoe under the guise of rebuttal in order to present new arguments.**

Plaintiff argues that Dr. Garmoe's testimony will help the jury "in judging the reasonableness of Keon Blake's actions the night of the dance." (Pl's Opp. Br. At 4). Specifically,

Plaintiff hopes that Dr. Garmoe's testimony will help the jury "evaluate Keon's conduct on the night of the dance." (*Id.* at 7.) Plaintiff hopes that Dr. Garmoe's testimony will assist the jury in finding that Blake's "reaction was abnormal and not to be anticipated in the normal course of events." (*Id.* At 8). However, neither of Securitas's experts offers an opinion with regard to whether or not Keon Blake's conduct was reasonable, whether his reaction to the marijuana was unusual, or whether his actions could have been anticipated. Mr. Dorn's report contains the self-evident observation that the incident would likely have been prevented had Keon Blake not smoked marijuana that night. Nothing contained within Dr. Garmoe's opinion rebuts or contradicts this statement.

Plaintiff offers Dr. Garmoe to opine regarding "Keon's psychological functioning the night of the incident as well as the probable cause of his actions." (Pl's Opp. Br. 7.) This is clearly an attempt to offer new arguments to refute Securitas's affirmative defense of contributory negligence. This is specifically disallowed by Fed. R. Civ. P. 26(a)(2)(D), which requires that Dr. Garmoe's opinions contradict or rebut opinions proffered by Securitas's experts on the same subject matter. Neither of Securitas's experts has opined on Blake's cognitive or psychological functioning on the night of the homecoming dance. The evidence on this subject comes from Blake himself, from his friend Kevohn McCormick, and from the school administrators who observed him during the events in question.

Additionally, while Plaintiff has now provided a report containing additional information regarding the tests Dr. Garmoe conducted on Keon Blake, the report still offers no explanation as to how these tests, conducted over two years after the incident, have any bearing on Keon Blake's psychological functioning on the night of the incident. For this reason and those set forth in

Securitas's motion, Dr. Garmoe's testimony fails to meet the requirements of Federal Rule of Evidence 702.

WHEREFORE, for the foregoing reasons as well as those stated in its Motion to Strike, Defendant Securitas Security Services USA, Inc. respectfully requests that this Court enter an order *in limine* striking the rebuttal disclosure of Plaintiff's Expert William S. Garmoe, Ph.D., ABPP-CN as an expert, and excluding him as a witness at trial for any reason, and excluding all testimony and evidence of or related to his opinions in this matter. Defendant respectfully requests a hearing before the Court to present oral arguments on this matter.

Respectfully submitted,

**SECURITAS SECURITY SERVICES USA, INC.**

By: /s/ James W. Walker
        Counsel

James W. Walker, Esquire (DC Bar No.: 495552)
Maggie D. Finnegan, Esquire (admitted *pro hac vice*)
VANDEVENTER BLACK LLP
707 E. Main Street, Suite 1700
PO Box 1558
Richmond, Virginia 23218-1558
 (804) 237-8800 (phone)
(804) 237-8801 (fax)
*Counsel for Securitas Security Services USA, Inc.*

# **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion to Strike Rebuttal Expert Testimony was delivered electronically via the CM/ECF filing system to the following parties of record on April 19, 2013:

William P. Lightfoot, Esq.
Paulette E. Chapman, Esq.
Kelly J. Fisher, Esq.
KOONZ, MCKENNEY, JOHNSON, DEPAOLIS & LIGHTFOOT
2001 Pennsylvania Avenue, N.W., Suite 450
Washington, D.C. 20006
(202) 659-5500
*Counsel for Plaintiff*

      /s/ James W. Walker
      James W. Walker, Esquire (DC Bar No.: 495552)
      Maggie D. Finnegan, Esq. (admitted *pro hac vice*)
      VANDEVENTER BLACK LLP
      707 E. Main Street, Suite 1700
      PO Box 1558
      Richmond, Virginia 23218-1558
      (804) 237-8800 (phone)
      (804) 237-8801 (fax)
      *Counsel for Securitas Security Services USA, Inc.*